IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.:

Bruce Edward Svoboda and Alice Elizabeth Watson

    Plaintiffs,

v.

Weld County Sheriff's Office (WCSO), Sheriff John Cooke, Gene Ernest Fischer, and John/Jane Does 1-X, a series of fictitious names.

    Defendants.

---

**COMPLAINT AND JURY TRIAL DEMAND**

---

COMES NOW the Plaintiffs, Bruce Edward Svoboda and Alice Elizabeth Watson, by and through his undersigned counsel, Dennis L. Carder of Carder Law Firm, P.C., and respectfully submits this Complaint and Jury Trial Demand against the Defendants, Weld County Sheriff's Office (WCSO), Sheriff John Cooke, Gene Ernest Fischer, and John/Jane Does 1-X, a series of fictitious names.

AS GROUNDS THEREFOR, Plaintiff states and alleges as follows:

**PARTIES**

1.    Plaintiff, Bruce Edward Svoboda, is a natural person and citizen of the State of Illinois.  Mr. Svoboda's current address is 333 Hughes Ave Apartment 1N, Lockport, Illinois 60441.

.

2. Plaintiff, Alice Elizabeth Watson, is a natural person and citizen of the state of Colorado. Ms. Watson's current address is 320 Harrison Avenue, Canon City, CO 81212.

3. Defendant John Cooke, in his official capacity as Sheriff of Weld County, at all pertinent times was responsible for the action of all employees of WCSO as well as the safety and well-being of all residents of Weld County, including the protection of their Federally guaranteed civil rights. The principal address for Mr. Cooke is 1950 O Street, Greeley, CO 80631

4. Defendant Gene Ernest Fischer is a natural person and citizen of the State of Colorado. Mr. Fischer's address is 125 South Howes, Suite 900, P.O. Box 506, Fort Collins, Colorado 80522.

5. Defendant Weld County Sheriff's Office is a subdivision of the Weld County Government in the State of Colorado.

6. Defendants John/Jane Does 1-X are a series of fictitious names for the Investigating officers and/or other employees of above Defendants who participated in the wrongful conduct alleged herein. The identity of these Defendants is currently unknown.

## JURISDICTION AND VENUE

7. This action is authorized and instituted pursuant to the Civil Rights Act of 1871, as amended, 42 U.S.C. § 1983 to address violations of Plaintiff's rights secured by the Constitution of the United States of America, and/or Common Law of the United States and/or the State of Colorado. The jurisdiction of this Court is predicated upon 42 U.S.C. §§ 1331 and 1343. The violations of Plaintiff's civil rights complained of herein were committed by

Defendants under the color and pretense of the laws and policies of the State of Colorado, and the authority of the government entities identified herein.

8.  Pursuant to Fed. R. Civ. P. 98, venue is proper in this Court wherein Plaintiff formerly resided in and Defendants all currently reside and/or regularly conduct business as employees of a division of the State of Colorado, and/or wherein the wrongful conduct alleged herein occurred.

9.  Pursuant to the doctrine of pendent jurisdiction, and in the alternate, Plaintiff brings a State claim of negligence and malicious prosecution against Defendant Gene Fischer.

## STATEMENT OF THE FACTS

10. Mr. Svoboda and Ms. Watson had been renting a house from a party named William Thomson. After Mr. Svoboda and Ms. Watson moved out of this house, the new owner, Gene Ernest Fischer, falsely reported that several items from the house had been stolen by Mr. Svoboda and Ms. Watson.

11. It appears from the Weld County Sheriff's Office Incident Reports, that a warrant was obtained based upon an investigation which failed to provide any proof that either Mr. Svoboda or Ms. Watson had removed any of the stolen items.

12. Many of the items reported stolen did have recorded serial numbers, and none of these numbers have been traced to Mr. Svoboda or Ms. Watson. In fact, Mr. Svoboda and Ms. Watson produced cell phone records indicating they were actively making telephone calls over a thousand miles away at the time these alleged thefts occurred.

13. Although these charges were subsequently dropped, Mr. Svoboda and Ms. Watson continued to receive communication from the Weld County Sheriff's Department indicating that

the Sheriff's Department still considered them guilty and that they could be rearrested at anytime. Personnel from the Sheriff's Department apparently shared these thoughts with member of the community thereby damaging the reputation of Mr. Svoboda and Ms. Watson.

14. As a result of the arrest, extradition and the subsequent comments, Mr. Svoboda and Ms. Watson's lives have been extremely disrupted, they lost what few possessions they did have, and Mr. Svoboda lost the job he had left Colorado to pursue.

15. This incident involved several employees of WCSO, however, at this time the identities of these individuals is unknown.

16. At all pertinent times, the investigators, deputies and/or Defendants were acting within the course and scope of their official duties, and were acting under color and pretense of state law.

17. The Defendants, WCSO, have established a policy, pattern and/or practice of not maintaining or inadequately supervising their employees in order to properly provide protection to Constitutional rights of suspects.

18. Plaintiffs have suffered injuries, damages and harm as a result.

### FIRST CLAIM FOR RELIEF: VIOLATION OF 42 U.S.C. § 1983

19. The Defendants, through their employees and the individual defendants identified herein, were acting under color of the authority of the State of Colorado as government entities.

20. Said employees were acting in the course and scope of their employment with Defendants.

21.     Defendants subjected Plaintiff to deprivation of the rights and privileges secured by the Constitution and laws of the United States, including but not limited to their right to due process of law (procedural and/or substantive); to be free from unreasonable police conduct; and to be protected against false arrest.

22.     This includes, but is not limited to, the facts that:

    A.     Defendants knew or should have known that information presented in the arrest warrant was false.

    B.     Defendants disregarded Plaintiff's offer of evidence showing their innocence (cell phone records.

23.     Said deprivation of Plaintiff's civil rights was the result of Defendant's failure to properly supervise deputies, investigators and/or employees. This includes but is not limited to: failure to correct known deficiencies in the investigation; failing to adequately instruct, monitor and supervise employees; failing to provide verification of evidence provided by Defendant Fischer

.

**SECOND CLAIM FOR RELIEF:**
**NEGLIGENCE RESULTING IN FALSE ARREST**
**AND LOSS OF PROPERTY**

34.     Defendant Fischer, as a real person, was responsible for providing accurate information while reporting a suspected crime to WCSO.

35.     Fischer did not verify information that he presented to WCSO as fact.

36.     Through his negligence, Defendant caused Plaintiffs to be falsely arrested, Plaintiff's children were temporarily removed from their home, Plaintiff's belongings were lost

5

during the time Plaintiffs were unable to post bond, and Plaintiff Svobada lost the job opportunity for which he had moved out of state.

## DAMAGES

37.     The Defendants above-alleged wrongful conduct violated Plaintiffs' Federally protected civil rights, including the right to protection from police misconduct and false arrest. Plaintiff seeks compensation for damages for loss of property, loss of wages, costs associated with loss of residence, including but not limited to: Past and future economic damages, pain and suffering; inconvenience; emotional stress; anxiety; loss of enjoyment of life; impairment of the quality of life; and any and all other consequential losses arising from Defendants' wrongful conduct as provided by law.  Plaintiffs also reserve the right to assert claims for willful and wanton misconduct and/or other claims pursuant to the common law.

WHEREFORE, Plaintiff respectfully requests damages against the Defendants individually, jointly and/or severally, as follows:

A.    Compensatory damages as proven;
B.    Costs of suit according to law, including but not limited to expert witness fees;
C.    Attorney fees according to Federal law and/or for attorney time expended as a result of any frivolous position which may be taken by Defendants, or on their behalf, during the course of this litigation, including but not limited to groundlessly denying negligence, or asserting any substantially groundless affirmative defense;
D.    Interest pursuant to C.R.S. § 13-21-101 and/or other provisions of law; and
E.    Appropriate equitable and/or injunctive relief; and
F.    Such other and further relief as the Court deems fit.

## JURY DEMAND

Plaintiff respectfully demands a **TRIAL BY A JURY OF SIX (6)** in the above cause, on all issues so triable.

DATED this 18th day of December, 2009.

          Respectfully submitted,

          Carder Law Firm, P.C.

          s/Dennis L. Carder
          Dennis L. Carder, Esq., Reg. No. 36474
          Carder Law Firm, P.C.
          3617 S. Acoma St
          Englewood, Colorado 80110
          Phone:    (970) 308-4580
          Fax:    (303) 648-4204
          Attorney for Plaintiff

Plaintiff's Address:
c/o Carder Law Firm, P.C.
3617 S. Acoma St.
Englewood, CO 80110